# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IRIS MCCLAIN, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. 8:19-cv-01978-PX |
| TIMOTHY P. BRANIGAN, *et al.* | * | |
| Appellees. | * | |

## MEMORANDUM OPINION

Pending before the Court is pro-se debtor and appellant Iris McClain's appeal of a July 2, 2019 Order by the United States Bankruptcy Court for the District of Maryland discharging the Trustee and closing her 2016 bankruptcy action (the "7/2/19 Order"). ECF Nos. 7-82, 8, 11. The Bank of New York Mellon, in its capacity as Trustee for the GSMPS Mortgage Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 ("BONY"), and Wells Fargo Bank, N.A., in its capacity as servicer for the GSMPS Mortgage Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 ("Wells Fargo") (collectively BONY and Wells Fargo and referred to as "Appellees") contest the appeal. ECF No. 8. McClain also filed a Motion to Amend/Correct Appellant's Brief, ECF No. 11, which Appellees contest as prejudicial. ECF No. 12. The Court grants McClain's motion to amend and finds that even considering the Amended Brief as the operative one, the 7/2/19 Order must nevertheless be affirmed.

### I. Background

Since 2008, McClain has filed four bankruptcy actions and multiple appeals. The first, filed on May 23, 2007, was dismissed on October 17, 2008 for failure to file a confirmable plan. *See In re McClain*, No. 08-17049 (Bankr. D. Md. 2007) (Chapter 13). The second, *In re McClain*, No. 09-22554 (Bankr. D. Md. 2009) (Chapter 13 converted to Chapter 7), is on appeal

before this Court in Case No. 19-cv-1976-PX (the "2009 Bankruptcy"). The third, filed on March 16, 2015, was dismissed on September 8, 2016, also for failure to file a confirmable plan. *See In re McClain*, No. 15-13657 (Bankr. D. Md. 2015) (Chapter 13).[1]

This appeal arises from McClain's fourth bankruptcy, *In re McClain,* No. 16-22179 (Bankr. D. Md. 2016) (the "2016 Bankruptcy"). As background, McClain had previously and fully litigated the disallowance from bankruptcy protection of her $260,000 mortgage loan (the "Mortgage Loan") secured by her property located at 209 Herrington Drive, Upper Marlboro, Maryland 20772. Wells Fargo Home Mortgage served as the creditor and Wells Fargo as the servicer for BONY with respect to the Mortgage Loan. ECF No. 7-3 at 9.

On May 11, 2017, McClain moved to Disallow BONY's Proof of Claim in the 2016 Bankruptcy. *See* ECF No. 6-10. On October 17, 2017, the Bankruptcy Court, after an evidentiary hearing, denied McClain's Motion to Disallow. *See* ECF Nos. 7-64, 7-42. McClain filed several motions for reconsideration regarding the Bankruptcy Court's decision, which were also denied. *See* ECF Nos. 7-41, 7-43, 7-44, 7-46, 7-47, 7-49. McClain did not appeal the decisions on her motions to reconsider.

On October 30, 2017, the Bankruptcy Court dismissed McClain's 2016 Bankruptcy, noting that McClain had failed to file timely an amended plan or motion to dismiss or convert the case to another chapter. ECF No. 6-15 ("10/30/17 Dismissal Order"). McClain did not appeal this order either.

McClain did, however, appeal the Bankruptcy Court's denial of the Motion to Disallow. ECF No. 7-52. On April 30, 2018, the District Court dismissed the appeal as untimely. *See* ECF

---

[1] McClain has also filed two lawsuits to halt foreclosure of her property. *See McClain v. Wells Fargo Bank, N.A.*, 2018 WL 1271231 (D. Md. Mar. 8, 2018), *aff'd*, 738 F. App'x 797 (4th Cir. 2018); *McClain v. Wells Fargo Home Mortgage/Wells Fargo Bank, N.A.*, 2018 WL 8968242 (D. Md. October 12, 2018), *aff'd*, 764 F. App'x 299 (4th Cir. 2018).

No. 7-68. McClain, in response, filed a "Motion to Vacate the Order Dismissing the Appeal," which was denied on December 11, 2018. *McClain v. The Bank of N.Y. Mellon*, No, 8:17-cv-03397-TDC (D. Md. Dec. 11, 2018). The Fourth Circuit affirmed both decisions on April 8, 2019. ECF No. 7-79.

McClain also filed a motion for relief of judgment pursuant to Federal Rule of Civil Procedure 60(b) in an attempt to resuscitate the Bankruptcy Court's October 23, 2017 denial of her Motion to Disallow BONY's Claim. ECF No. 7-70. In this motion, McClain argued that the Bankruptcy Court erred not only in the October 23, 2017 dismissal of her bankruptcy, but also in denying all *three* motions to reconsider. *Id.* She also claimed to have discovered new evidence that commanded a different result. *Id.* The Bankruptcy Court denied McClain's Rule 60(b) Motion on October 15, 2018, which the District Court affirmed on May 31, 2019. ECF Nos. 7-71, 7-81.

This Appeal represents McClain's latest challenge to the same Bankruptcy case. After the 2016 Bankruptcy was dismissed on October 31, 2017, the Chapter 13 Trustee filed its Final Report and Accounting as to the Estate. The Trustee certified that "the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed" and requested "that a final decree be entered that discharges the trustee and grants such relief as may be just and proper." *See* ECF No. 7-72 ¶ 12. McClain did not object to this Final Report and Accounting. Thus, on July 2, 2019, the Bankruptcy Court entered an Order Discharging the Trustee and Closing the Case in accordance with 11 U.S.C. § 350 (the "7/2/19 Order"). ECF No. 7-82. McClain now appeals the 7/2/19 Order.

## II. Standard of Review

On appeal, this Court reviews legal conclusions *de novo* and findings of fact for clear error. *In re Official Comm. of Unsecured for Dornier Aviation (N. Am.), Inc.,* 453 F.3d 225, 231 (4th Cir. 2006). A finding of fact is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). The district court may affirm, modify, or reverse a bankruptcy court's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

## III. Analysis

The only argument properly before this Court is the propriety of the 7/2/19 Order discharging the Trustee and closing the case. The Court will not address any arguments about whether the Bankruptcy Court erred in denying McClain's Motion to Disallow BONY's Claim (which has already been unsuccessfully appealed) or whether the Bankruptcy Court erred in dismissing her 2016 Bankruptcy (which was never timely appealed). Not only have these arguments been fully adjudicated and resolved, no fair reading of this Appeal puts them before the Court.

Section 350(a) of the Bankruptcy Code requires the court to close a case when the estate has been fully administered and the Trustee is discharged. 11 U.S.C. § 350(a). The Trustee cannot discharge his duties until filing the report and certifying that the estate has been fully administered. *See* 11 U.S.C. § 704(9); Fed. R. Bankr. P. 5009. Any objection to the report must be filed within 30 days thereafter. *See* Fed. R. Bankr. P. 5009. If no objection is filed, Bankruptcy Rule 5009 provides that the estate is "presumed to have been fully administered." The Bankruptcy Court then discharges the trustee and closes the case. 11 U.S.C. § 350(a).

The Chapter 13 Trustee for McClain's case filed its Final Report on October 24, 2018. ECF No. 7-72 ¶ 12. It is undisputed that no one, including McClain, objected to the report within 30 days. Consequently, the Bankruptcy Court closed the case on July 2, 2019. ECF No 7-82. It was not until September 12, 2019—more than a year later—that McClain contested the Final Report. ECF No. 11.

McClain provides no authority, nor can this Court find any, for reopening the closure of this case when McClain failed to object in a timely manner and provides no compelling justification for her untimeliness. *Cf. In re Zegeye*, 2005 WL 544763, * 2 (D. Md. Mar. 4, 2005) ("As an appellate court, the court applies the standard of review generally applied in the federal court of appeals and will not generally consider issues not raised before the bankruptcy court.").

Nevertheless, even if McClain had timely challenged the closure of the case, her arguments are unavailing. McClain spends time discussing the Trustee duties as to her but does not point out any violations of such duties. ECF No. 11-1 at 11. Rather, her arguments simply rehash old, previously rejected or abandoned arguments. *See* ECF No. 11-1 at 12–15. For instance, McClain attempts once again to object to the denial of her motion to disallow BONY's Claim in the 2016 Bankruptcy, which has been fully adjudicated. *Id.* McClain's arguments, therefore, simply do not warrant relief.

Accordingly, the Court finds no error in fact or law concerning the closure of the 2016 Bankruptcy. The 7/2/19 Order is AFFIRMED.

|  |  |
|---|---|
| 4/6/2020 | /S/ |
| Date | Paula Xinis<br>United States District Judge |

5